

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

> This Opinion is,
> C........ by Opinion
> # 0-1338-A

Honorable Merritt F. Hines
County Attorney
Midland County
Midland, Texas

> Overruled by 0-1981

Dear Sir:

Opinion No. 0-1338
Re: Payment of costs in connection with the prosecution of offenses under Article 567b, Vernon's Penal Code.

We are in receipt of your letter in which you request the opinion of this department upon several matters relative to Section 5 of Article 567b, Vernon's Penal Code.

Your questions are as follows:

1. "Following the two above provisions (Section 5 of Article 567b, Penal Code, and Article 1018, Code of Criminal Procedure), if a defendant is convicted of swindling with a worthless check, a fine and the cost adjudged against him, and he, the defendant, pays the fine and cost, should the costs so collected be paid into the State Treasury, and then the officers to whom costs are due look to the State for the payment of same? (Parenthetical insertion ours.)

2. "Construing the two provisions together, if the costs are adjudged against a defendant, in a case of swindling with a worthless check, and the defendant cannot pay the costs, the costs cannot be made out of him, in your opinion, does this new statute contemplate that the State will pay the same costs in these misdemeanor cases, that is, the same items of cost, that it pays in felony cases?

Honorable Merritt F. Hines, Page 2

　　　3.　"Midland County has a population of
less than forty thousand inhabitants, according
to the last Federal census, and there were cast
at the last presidential election less than
three thousand votes, therefore the sheriff or
any constable of Midland County would be entitle
to mileage in a felony case as above provided
Article 1030, Code of Criminal Procedure), said
mileage, when paid, being paid by the State.

　　　"Under Section 5, of the new 'hot check'
law, hereinbefore quoted, in your opinion is
the sheriff or a constable of Midland County
entitled to the same mileage, from the State
of Texas, for going to the place of arrest any-
where within the State, and making an arrest,
for the offense of swindling with a worthless
check, providing the person arrested was con-
victed, the mileage adjudged against him as
costs, and he could not pay same?"

　　　At the outset we wish to call your attention to
Opinions Nos. 0-1135 and 0-1567 of this department, copies
of which are attached, in respect to Section 5 of Article
567b, supra.

　　　In the former opinion we held that the appropria-
tion under House Bill No. 257, Forty-sixth Legislature, the
Judiciary Appropriation Bill, for payment by the State of
costs and fees to officers and witnesses in felony cases,
as provided in Chapter 2, Title 15, Volume 3, Vernon's Code
of Criminal Procedure, is not available for the purpose of
compensating officers and witnesses in similar manner for
first and second convictions under Article 567b, Vernon's
Penal Code, where the amount of money involved is less than
$50.00, which are misdemeanors only; but it is available in
all cases of a third conviction, and convictions where the
amount involved is $50.00 or more, which amount to felonies
within the statutory definition of Article 47, Vernon's
Penal Code; and that there is no appropriation with which
to carry out the provisions of Section 5 of Article 567b,
Vernon's Penal Code.

　　　In Opinion No. 0-1567 it was held, inter alia,
that in accordance with the provisions of Section 5 of
Article 567b, supra, when a conviction is obtained for any
offense, whether a felony or a misdemeanor, the defendant
may be charged with the costs and fees paid by the State,
because misdemeanors under Article 567b are to be treated

exactly like felonies, and Article 1018, Code of Criminal Procedure is applicable in all convictions under the Act, while Article 1019, Code of Criminal Procedure, is not applicable.

Section 5 of Article 567b, supra provides:

"In all prosecutions under sections 1, 2 and 3 of this Act, process shall be issued and served in the county or out of the county where the prosecution is pending and have the same binding force and effect as though the offense being prosecuted were a felony; and all officers issuing and serving such process in or out of the county wherein the prosecution is pending, and all witnesses from within or without the county wherein the prosecution is pending, shall be compensated in like manner as though the offense were a felony in grade."

Article 1018, Code of Criminal Procedure, provides:

"When the defendant is convicted, the costs and fees paid by the State under this title (Title 15 - Criminal Actions) shall be a charge against him, except when sentenced to death or to imprisonment for life, and when collected shall be paid into the State Treasury." (Parenthetical insertion ours.)

In respect to your first question, if a defendant is convicted of swindling with a worthless check, the offense is either a statutory felony or misdemeanor, conditioned upon the penalties set out in Section 4 of Article 567b, supra.

If the amount of money involved is $50.00 or more, or if a third conviction is obtained, then the offense is a felony, and the appropriation under House Bill No. 867, 46th Legislature, is available for the payment of costs by the state to officers, as provided in Article 1018, supra.

If the amount involved is less than $50.00 on first and second convictions, then the appropriation for the current biennium is not available for compensating officers issuing and serving process in or out of the

county wherein the prosecution of such a misdemeanor under Article 567b, supra, is pending. Nevertheless, in all prosecutions under Article 567b, supra, since Section 5 places both felonies and misdemeanors under the Act upon the same basis for the purpose of compensating officers issuing and serving process in or out of the county wherein the prosecution under the Act is pending, where the defendant pays the officer's costs of issuing and serving process charged against him, they are payable under Article 1018, supra, into the State Treasury.

Answering your first question, if a defendant is convicted of a felony for swindling with a worthless check under Article 567b, Vernon's Penal Code, it is our opinion that costs collected from him are payable into the State Treasury in accordance with the provisions of Article 1018, Code of Criminal Procedure and the officers to whom costs are due look to the state for payment of same; if a defendant, on the other hand, is convicted of a misdemeanor for swindling with a worthless check under Article 567b, those costs of the officers for issuing and serving process which are charged against the defendant and paid by him are payable into the State Treasury, but there is no appropriation available for the payment by the state of the costs of officers for issuing and serving process in misdemeanor cases under Article 567b.

In answer to your second question, if a defendant is convicted of a felony for swindling with a worthless check under Article 567b, Vernon's Penal Code, whether the defendant pays the costs charged against him or not, it is our opinion that the costs payable to officers in felony cases provided under Chapter Two, Title 15, "Costs in Criminal Actions", Code of Criminal Procedure, are payable by the state, and appropriation is available for same under House Bill No. 257, 46th Legislature; but if a defendant is convicted of a misdemeanor for swindling with a worthless check under Article 567b, Vernon's Penal Code, whether or not the defendant pays the costs of the officers in issuing and serving process in or out of the county wherein such prosecution is pending, the officers are entitled to such items of cost from the state for issuing and serving process in accordance with the provisions of Section 5 of Article 567b; but there is no appropriation available for payment of the costs of issuing and serving process by the state in these misdemeanor convictions under Article 567b.

Article 1030, Code of Criminal Procedure, provides, in the part applicable to Midland County, as follows:

Honorable Merritt F. Hines, Page 5

"In each county where there have been cast at the preceding presidential election less than three thousand (3000) votes, the sheriff or constable shall receive the following fees when the charge is a felony:

"1 ... provided, that in counties that have a population of forty thousand inhabitants, as shown by the preceding Federal census, the following fees shall apply: For executing each warrant of arrest or capias, or for making arrest without a warrant, when authorized by law, three dollars and fifteen cents for each mile actually and necessarily traveled in going to place of arrest, and for conveying prisoners to jail, mileage as provided in subdivision 4 shall be allowed; and one dollar shall be allowed for the approval of a bond."

The distinction between felonies and misdemeanors under Article 567b must be kept constantly in mind.

In the felony cases under the Act the state pays the same costs to officers as it pays in other felony cases.

In the misdemeanor "hot check" cases the state under Section 5 of Article 567b compensates "all officers issuing and serving such process in and out of the county wherein the prosecution is pending "in like manner as though the offense were a felony in grade." The result is that the state is liable for payment of compensation to officers for issuing and serving process in misdemeanor cases under the "hot check" statute in the same manner and amount that it is in felony convictions.

In answer to your third question, it is our opinion that the sheriff or a constable of Midland County is entitled to the same mileage from the state of Texas for going to the place of arrest anywhere within the state of Texas for the offense of swindling with a worthless check, whether the conviction is a felony or misdemeanor, and whether the defendant pays the mileage costs charged against him or not in such cases, as the sheriff or a constable of Midland County, would be entitled to in any felony case, but while there is an appropriation from which the state may pay mileage to the sheriff and constable in felony

cases under Article 576b, Vernon's Penal Code, there is no appropriation for paying the mileage in misdemeanor cases under Article 567b.

In conclusion, in order that there may be no question as to the effect of this opinion, we point out that it applies only to the so-called "fee" counties, and not to counties where the officers concerned are compensated on a salary basis.

Trusting that we have satisfactorily answered your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By                          Dick Stout
                            Assistant

DS:FG

APPROVED JAN 6, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB